UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

September 13, 2023

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Hinton v. Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 1:20-CV-01503-JMC

Dear Counsel:

Theodore A. Melanson has filed a motion for attorney's fees pursuant to the Social Security Act ("ACT"), 42 U.S.C. § 406(b), resulting from his representation of Plaintiff before the Court. (ECF No. 23).  In response, the Commissioner asks the Court to decide whether Mr. Melanson's requested amount constitutes a reasonable fee. (ECF No. 25).  The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, Mr. Melanson's motion for attorney's fees is GRANTED.

On November 12, 2021, this Court awarded Mr. Melanson $4,933.44 for 23.25 hours worked on Plaintiff's case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 22).  Plaintiff subsequently received an award notice, in which he was awarded $122,055.00 in past due benefits. (ECF No. 23-2 at pp. 3–4).[1]  On July 20, 2023, Mr. Melanson filed a Line seeking $30,513.75 in attorney's fees. (ECF No. 23).  Mr. Melanson has agreed to reimburse Plaintiff for the $4,933.44 in EAJA fees already received. *Id*.; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808.  Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)).  Courts

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

1

may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he might become entitled. (ECF No. 20-5). In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted itemized reports documenting 23.25 chargeable hours he expended before this Court in Plaintiff's case. (ECF No. 20-7). If Mr. Melanson receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,312.42 per hour. Mr. Melanson must therefore show that an effective rate of $1,312.42 per hour is reasonable for the services he rendered.

Notably, Mr. Melanson's typical hourly billing rate is $300, which is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Courts in the Fourth Circuit have approved contingency fee agreements that produce similar or even higher hourly rates in successful Social Security appeals. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a comparable or higher hourly rate for Mr. Melanson specifically. *See Timothy K. v. Saul*, No. CV DLB-15-1, 2020 WL 5642111 (D. Md. Sept. 21, 2020); *Jeremy G. v. Saul*, No. CV DLB-19-88, 2021 WL 1840527 (D. Md. May 7, 2021); *James K. v. Saul*, No. CV DLB-19-673, 2021 WL 1753567 (D. Md. May 4, 2021).

For the reasons set forth herein, the Court GRANTS Mr. Melanson's motion seeking attorney's fees (ECF No. 23). This Court will award Mr. Melanson attorney's fees totaling $30,513.75. Mr. Melanson is directed to reimburse Plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2021). Currently, Mr. Melanson has slightly over eight years of experience (ECF No. 20-6 at p. 2) and the presumptively reasonable hourly rate for attorneys admitted to the bar for more than eight (8) but less than nine (9) years is between $165.00 and $300.00. Loc. R. App. B (D. Md. 2021).